NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1080, -1210

THE WESTERN UNION COMPANY,

Plaintiff-Appellee,

v.

MONEYGRAM PAYMENT SYSTEMS, INC.,

Defendant-Appellant.

Appeals from the United States District Court for the Western District of Texas in case no. 07-CV-0372, Judge Sam Sparks.

- - - - - - - - - - - - - - - - - - - - - -

2010-1200

THE WESTERN UNION COMPANY,

Plaintiff-Appellant,

v.

MONEYGRAM PAYMENT SYSTEMS, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Western District of Texas in case no. 07-CV-0372, Judge Sam Sparks.

ON MOTION

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

ORDER

MoneyGram Payment Systems, Inc. moves to dismiss The Western Union Company's cross-appeal, 2010-1200, and for costs associated with filing its motion. Western Union opposes. MoneyGram replies.

Western Union sued MoneyGram for infringement of patents related to two money-transfer systems used by MoneyGram. One system was used before 2006 and the second was used after 2006. A jury found that the pre-2006 system infringed the asserted claims literally and that the post-2006 system infringed but only under the doctrine of equivalents. The district court denied Western Union's renewed motion for judgment as a matter of law regarding literal infringement of the post-2006 system. MoneyGram appealed to this court. Western Union filed a cross-appeal to assert that the post-2006 system also literally infringed its patent.

MoneyGram argues that because Western Union prevailed below and is not seeking to reverse or modify the district court's judgment of infringement, Western Union's cross-appeal must be dismissed for lack of jurisdiction. We agree. Voda v. Cordis Corp., 536 F.3d 1311, 1324 n.4 (Fed. Cir. 2008) (dismissing cross-appeal seeking to challenge ruling on literal infringement when district court found infringement under the doctrine of equivalents). A party lacks standing to cross-appeal unless it is adversely affected by the judgment it seeks to challenge. TypeRight Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1156 (Fed. Cir. 2004); Bailey v. Dart Container Corp., 292 F.3d 1360, 1362 (Fed. Cir. 2002). However, an "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." United States v. American Ry.

Express Co., 265 U.S. 425, 435 (1924). See also Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822 n. 1 (Fed. Cir. 1989) (appellee may assert alternative grounds for affirming the judgment that are supported by the record).

Accordingly,

IT IS ORDERED THAT:

(1) MoneyGram's motion to dismiss Western Union's appeal, 2010-1200, is granted.

(2) MoneyGram's motion for costs is denied.

(3) Each side shall bear its own costs in 2010-1200.

(4) The revised official caption for 2010-1080 et al. is reflected above.

FOR THE COURT

MAY 0 3 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: David E. Sipiora, Esq.
Emmett J. McMahon, Esq.

s20

ISSUED AS A MANDATE (as to 2010-1200 only): MAY 0 3 2010

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 03 2010

JAN HORBALY
CLERK

2010-1080, -1200, -1210                3